DULUTH FURNACE CO. v. IRON BELT MIN. CO.

(Circuit Court of Appeals, Eighth Circuit. June 2, 1902.)

No. 1,738.

1. DAMAGES—BREACH OF CONTRACT FOR PURCHASE OF ORE—TIME OF BREACH.
   Under a contract for the sale of 20,000 tons of iron ore, to be delivered in about equal monthly installments throughout the year, as ordered by the purchaser, but which provided that any part of such quantity not previously ordered shipped should be delivered and received by the last day of the year, where the purchaser refused to order or receive

any of the ore, the measure of the seller's damages for the breach is the difference between the contract price and the market price of the ore on the last day of the year.

In Error to the Circuit Court of the United States for the District of Minnesota.

John G. Williams, for plaintiff in error.

S. H. Holding (H. D. Goulder, Frank S. Masten, F. E. Searle, and H. R. Spencer, on the brief), for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge. The Iron Belt Mining Company, hereafter called "plaintiff," brought this action in the court below to recover of the Duluth Furnace Company, hereafter called "defendant," damages for the breach of an oral agreement claimed to have been entered into between them on January 5, 1900. The plaintiff claimed that the contract was that it should mine for the defendant 20,000 tons of Buckeye ore, to be delivered on board cars of the Wisconsin Central Railroad at the plaintiff's mine in Wisconsin, throughout the year 1900, at the price of $2.84 per ton of 2,240 pounds, deliveries to be made in about equal monthly installments, as defendant should give shipping orders, but deliveries or any portion thereof not called for when due to be postponed, all the ore, however, to be taken by the defendant by December 31, 1900; that for so much ore as the defendant had ordered forward in any month payment was to be made on the 25th day of the following month; and that all ore was to be paid for by the 25th of January, 1901. Defendant claimed that it never agreed absolutely to take the ore, but that the transaction had between plaintiff and defendant simply amounted to the giving by the plaintiff to the defendant of an option to purchase 20,000 tons of ore of plaintiff at $2.84 per ton. It appeared at the trial that defendant had never taken any ore under the contract, and had uniformly refused so to do; that plaintiff had the ore in stock, and was always ready and willing to deliver the ore at any time during the year 1900. The jury found the contract to be as claimed by the plaintiff, and returned a verdict in its behalf. The court charged the jury that, if they found the contract to be as claimed by the plaintiff, then the measure of damages would be the difference between the contract price and the market value of the ore at the time of the breach of the contract, which the court held to be December 31, 1900. Counsel for defendant excepted to the rule of damages announced by the court and to the refusal of the court to charge the jury that the damages must be estimated by the difference between the contract price of the ore which was to be delivered each month and the market value of the same at the time it ought to have been delivered. Plaintiff did not claim that the contract provided that any particular amount of ore was to be taken each month. Plaintiff's claim was that it was optional with defendant as to how much ore was to be delivered each month, but that all the ore should be taken by December 31, 1900. We can see no

error in the charge of the court or in the refusal to charge. The other assignments of error are equally without merit. Therefore the judgment of the court below will be affirmed.